JOHN A. W. BURRIS v. ALFRED ENDY ET AL.

(No. 1011, Op. Book No. 3, p. 148.)

ERROR from Lamar County.    Opinion by WATTS, J.

§ 1307. *Evidence; admissibility of things incapable of record, such as manner, expression, clothing, instruments of crime, scraps of leather, etc.; rests in the discretion of the court, etc.*    Defendants in error recovered a judgment against plaintiff in error, canceling and setting aside a contract of sale of Zulie's patent process for tanning leather, which process plaintiff in error had sold to defendants in error, taking their notes for the purchase price.    The ground upon which the contract was canceled was that of fraud practiced by plaintiff in error upon defendants in error, in falsely representing to them that the process was a valuable one, etc., when it was worthless, etc.    Upon the trial the court admitted in evidence, over the objections of plaintiff in error, certain pieces of leather tanned by the Zulie process.    The objections made to this evidence were, 1, that it made witnesses of the jurors; and 2, that the leather could not be made a matter of record, so that the appellate court might examine and act upon it.    *Held*, such testimony, or rather means of evidence, is often properly resorted to.    The most important cases often turn upon the manner, expression of countenance, or appearance of a witness upon the stand; yet we know that none of these can be so entered of record as to be the subject of review by the appellate court. So in cases involving the identity of handwriting, the court and jury are allowed to examine and compare other instruments shown to be in the handwriting of the party.    [Abbott's Tr. Ev. 396.]    In trials for murder, the clothes worn by the deceased are often admitted in evidence, as tending to show the position occupied by him at the time the homicide was committed.    Also the instruments used in the commission of crime are admissible in evidence, and often have decisive weight upon the

question of the guilt or innocence of the accused; yet those nor any of them can be made parts of the record, but may all be sent up, by order of the court, to be inspected by the appellate court. It is impossible to prescribe any definite rule upon this subject. The whole thing must, as a matter of necessity, be left to the sound discretion of the court below, and unless the record should disclose a palpable abuse of such discretion by the court below, this court would not be authorized to review the same.

November 23, 1881.                                        Affirmed.